REDMAN
v.    (4) If *A.* enters into a contract with *B.* for the sale of land, and afterwards
THE STATE. refuses to perform his contract, and sells the land to *C.* for a valuable conside-
ration, *B.* may, by bill, compel *C.* to convey to him, provided he be chargeable
with notice, at the time of his purchase, of *B.'s* equitable title under the a-
greement.   *Champion* v. *Brown*, 6 Johns. Ch. R. 398, 402.

---

## REDMAN and Others *v.* THE STATE.

On the trial of an indictment for an offence, charged to have been commit-
ted in one county, evidence of the defendant's having committed a similar
offence in another county, is inadmissible.

*Wednesday,*     ERROR to the *Floyd* Circuit Court.—Indictment for an as-
*November 15.* sault and battery.   Plea, not guilty.   Verdict and judgment a-
gainst the defendants below.

SCOTT, J.—The indictment charges the offence to have been
committed in *Floyd* county; and it appears by the record, that,
on the trial, the Court admitted evidence of an imprisonment in
the county of *Clark.*   We are not informed whether or not this
was the only evidence offered on the trial.   If it was, the indict-
ment could not be supported.   If there was evidence of an of-
fence in the county of *Floyd*, the additional evidence of a simi-
lar offence in the county of *Clark*, was calculated to make an im-
pression on the minds of the jurors unfavourable to the accused.
Such evidence having been admitted by the Court, after having
been objected to by the counsel for the defendants, affords a pre-
sumption that it had its influence in settling the amount of the
fine (1).

*Per Curiam.*—The judgment is reversed, and the proceedings
subsequent to the issue are set aside (2).   Cause remanded for
further proceedings.

*Nelson,* for the plaintiffs.

(1) In criminal cases, the jury that find the verdict determine the amount
of the fine, &c.; except where it is otherwise directed, or where the same is
fixed by law. If the defendant plead guilty, the Court assess the fine, &c. Ind.
Stat. 1817, p. 96;—1823, p. 150.
(2) The state is not liable for costs. The *United States* never pay costs in a-
ny suit. *United States* v. *Barker*, 2 Wheat. 395.