BONSALL *v.* THE STATE.

CRIMINAL LAW.—*Larceny.*—*Evidence.*—On the trial of an indictment for the larceny of bank bills, where the evidence was that the defendant snatched a pocket book containing the bank bills from the prosecuting witness;

*Held,* that the offense was larceny, and not robbery, as there was neither violence nor putting in fear.

*Held,* also, that it was error to permit the State to prove, that, on the next day, the defendant enticed the prosecuting witness into an alley, and knocked him down, and beat him, and robbed him of other bills of a different description, as the offense was a distinct one and might have prejudiced the defendant before the jury.

*Held,* also, that statements of third parties tending to show that they were the persons who got the money in question from the prosecuting witness were properly excluded, as hearsay evidence.

APPEAL from the Monroe Circuit Court.

DOWNEY, C. J.—The appellant was indicted for the larceny of twenty-two five dollar bills, of national currency, of the value of five dollars each; two twenty dollar bank bills, of national currency, of the value of twenty dollars each,

and five ten dollar bank bills, of the value of ten dollars each, of national currency, the property of William Rush, on the 16th day of December, 1870, at Monroe county, Indiana.

On being arraigned, he. moved the court to quash the indictment, which motion the court overruled, and he excepted.

He then pleaded not guilty. The cause was tried by a jury, and there was a verdict of guilty. He moved for a new trial, which was denied him, when he moved in arrest of judgment, which latter motion was also overruled, and he was sentenced according to the verdict.

The first ·error assigned is, that the circuit court erred in overruling the motion to quash the indictment. This point is not argued or urged in the brief, and we see no defect in the indictment.

The other questions all arise under the assignment that the court erred in refusing to grant a new trial. It is urged that the court erred in admitting illegal evidence, offered by the State, and excluding legal ·evidence offered by the defendant, in giving instructions on his own motion, and in modifying one of those asked by the defendant; and it is also insisted that the evidence was not sufficient to sustain the finding of the jury.

The evidence, on the part of the State, tended to prove that on the 16th day of December, 1870, the prosecuting witness came to the town of Bloomington, in the forenoon, and drew from a bank two hundred and four dollars, of which he put two hundred dollars in a pocket-book, and put it in one of his boots, while the remaining four dollars he put in another pocket-book, and put that in his vest pocket. That he and defendant drank and ate oysters together, until the money in the small pocket-book was gone, when he said he had other money, and asked defendant to pull off his boot; and that when defendant had got his boot nearly off, and he had almost drawn the pocket-book from it, the defendant snatched it from him and ran away with it. Over the objec·

tion of the defendant, the State was allowed to prove, that on the next day, the 17th, the parties were together in Bloomington, and that the defendant enticed the prosecuting witness into an alley or by-way, and there knocked him down, beat him, and robbed him of an additional, though much smaller amount of money.

This seems to us to have been a separate and distinct offense, and we know of no rule of law by which it was admissible in support of the indictment for the larceny alleged to have been committed on the 16th. It may have very seriously prejudiced the jury against the defendant, and induced them to find him guilty. It did not support the indictment, for the money taken was not of the same description as that described in the indictment. This question has often been decided by this court. *Smith* v. *The State*, 10 Ind. 106 ; *Engleman* v. *The State*, 2 Ind. 91 ; *Redman* v. *The State*, 1 Blackf. 96.

It is urged also against the conviction, that the evidence shows, if it shows any crime, the crime of robbery, and not larceny, and that there is therefore a fatal variance. This position cannot be sustained. Robbery is larceny aggravated by the fact that the goods are taken from the person of the owner by violence or putting in fear. Mr. Blackstone speaks of it as mixed or compound larceny, and says it is such as has all the properties of larceny, with the aggravation of taking from the person. And again he says, " Open and violent larceny from the person, or robbery, the *rapina* of the civilians, is the felonious and forcible taking, from the person of another, of goods or money to any value, by violence or putting him in fear." Book 4, p. 243. When, therefore, one is indicted for larceny, and the evidence shows that he might have been indicted for robbery, and that therefore the State has arraigned him for a less aggravated crime than that of which he was really guilty, he cannot complain. To prove a robbery is to prove a larceny. This point is not new in this court. See *Hickey* v. *The State*, 23 Ind. 21.

The evidence excluded was evidence of the statements of

third persons, which it was supposed tended to show them to be the parties who got the money in question from the prosecuting witness. This was mere hearsay, and was correctly excluded.

We have examined the charges given by the court, and the modification of the charge asked by the defendant, and think no error was committed by the court therein.

We say nothing as to the sufficiency of the evidence to sustain the verdict of the jury, as the case must be tried again, and the evidence may be different in the next trial of the cause.

The judgment is reversed, and the cause remanded, to be certified to the warden of the prison.

*B. W. Hanna,* Attorney General, and *J. C. Robinson,* for the State.