WILLIAM SUTTON

*v.*

VIRGINIA F. JOHNSON.

| 62 | 209 |
| 129 | 529 |
| 62 | 209 |
| 193 | 413 |

1. TRESPASS TO THE PERSON—*evidence.* In an action by a female for an assault and battery and assault with intent to commit a rape, a witness for plaintiff testified that defendant said, "He and his wife hadn't got along first rate, and he had to be too intimate with the hired woman;" or, "was forced to be too intimate with the hired woman." It did not appear who this hired girl was, and the witness did not know who she was. The defendant moved to exclude this testimony for irrelevancy, which the court refused to do: *Held,* that the court erred in not excluding it, as it did not tend to prove the assault charged, and did tend to prejudice the defendant with the jury.

APPEAL from the Circuit Court of Peoria County; the Hon. S. D. PUTERBAUGH, Judge, presiding.

The verdict of the jury was for $1,700, and plaintiff remitted $700.

Mr. H. W. WELLS, for the appellant.

Mr. J. S. STARR, and Messrs. O'BRIEN & HARMON, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action brought to recover damages for an alleged assault and battery and an assault with intent to commit a rape.

Upon the trial, William H. Meeker, a witness on behalf of the plaintiff, testified that, in a conversation with Sutton in regard to himself and the plaintiff, Sutton said he and his wife hadn't got along first rate, and he had to be too intimate with the hired woman, or was forced to be too intimate with the hired woman. He did not mention who his hired girl was, nor did the witness know who had been his hired girl.

14—62D ILL.

The defendant moved to exclude this testimony from the jury, on the ground that it did not sustain nor tend to sustain the declaration, which motion the court overruled, and defendant excepted thereto.

This evidence did not tend to prove the assault and battery, or assault laid in the declaration, and did tend to prejudice the jury against the defendant.

There should not have been brought into the trial of the simple issue in this case any thing which might be regarded as slanderous matter, or other improper conduct of the defendant, to make against him, and, by its consideration, be likely to influence the verdict of the jury.

Judging from the amount of the verdict, and a view of the whole testimony taken together, the jury would seem to have been led to their verdict by the consideration of something else than the legitimate testimony in the case.

We think the court should have excluded the testimony as entirely irrelevant to the issue on trial.

For not doing so the judgment is reversed, and the cause remanded.

*Judgment reversed.*