[No. 966.]

## THE STATE OF NEVADA, RESPONDENT, *v.* EDWARD MALIM, APPELLANT.

INDICTMENT—COUNTS SETTING OUT OFFENSE IN DIFFERENT FORMS.—If an offense is set forth in different counts, it must be done in such a way as to show clearly upon the face of the indictment that the matters and things set forth in the different counts are descriptive of one and the same transaction.

IDEM—EMBEZZLEMENT.—An indictment for embezzlement contained two counts, each identical as to the time, place, names of persons and description of property: *Held*, that the indictment charged but one offense.

APPEAL from the District Court of the First Judicial District, Storey County.

The facts appear in the opinion.

*Lindsay & Dickson*, for Appellant.

The demurrer ought to have been sustained. The indictment charges two distinct offenses. The statute is imperative that the indictment shall charge but one offense. (1 Comp. Laws, 1862; see, also, Id. 1858, 1860; 1 Wharton C. L. 414, *et seq.; The People* v. *Thompson*, 28 Cal. 217: *People* v. *Shotwell*, 27 Id. 400.)

*M. A. Murphy, Attorney-General*, for Respondent.

By the Court, HAWLEY, J.:

Appellant was indicted, tried and convicted of the crime of embezzlement.

The indictment contains two counts. Leaving out the heading and conclusion, the respective counts read as follows:

1. "Edward Malim is accused by the grand jury of the

county of Storey, by this indictment, of the crime of embezzlement, committed as follows, to wit: That the said Edward Malim, on or about the seventh day of July, A. D. 1877, and before the finding of this indictment at the county of Storey, state of Nevada, was employed and hired in the capacity of clerk to L. P. Drexler and George H. Dana, and as such clerk, was instructed to receive, by his said employers, large sums of moneys, certificates of mining stocks and other articles of great value, and being so employed and intrusted as aforesaid, the said Edward Malim, by virtue of such employment, then and there did receive and take into his possession, and was by his said employers intrusted with one hundred gold pieces, coins of the United States, of the denomination of twenty dollars each, the property of said L. P. Drexler and George H. Dana; four hundred silver pieces, coins of the United States, of the denomination of fifty cents each, the property of said L. P. Drexler and George H. Dana, and a large number of gold notes, of the currency of the United States, of the aggregate value of one hundred and twenty dollars, the property of the said L. P. Drexler and George H. Dana, and that the said Edward Malim, on the day and year last aforesaid, while so intrusted with and in possession of said described moneys and property did withdraw himself from his employers aforesaid and go away with the said money with the intent to steal the same and defraud his said employers thereof, and without their consent, contrary to the trust or confidence in him reposed by his said employers."

2. "That the said Edward Malim on or about the seventh day of July, A. D. 1877, at the county of Storey, state of Nevada, was a hired clerk and in the service or employment of L. P. Drexler and George H. Dana, and that the said Edward Malim, being so in the service of his said employers, did then and there feloniously embezzle and convert to his own use, with the intent and purpose to steal the same, one hundred gold pieces, coins of the United States, of the denomination of twenty dollars each, four hundred silver pieces, coins of the United States, of the denomination of fifty cents each, and a large number of gold notes of the

currency of the United States, of the aggregate value of one hundred and twenty dollars; all of said moneys then and there being the property of his said employers, L. P. Drexler and George H. Dana."

A demurrer was interposed to this indictment on the ground that it charges two offenses. It is claimed by appellant that this demurrer ought to have been sustained because the words "said" or "aforesaid" are not used in the second count with reference to the time when the offense was alleged to have been committed and to the description of the property alleged to have been embezzled, and because these or other equivalent words were not so used it is argued that this court has no right to presume that the second count relates to the same offense as that charged in the first count.

To sustain this position we are referred to *The People* v. *Shotwell*, 27 Cal. 400; *The People* v. *Thompson*, 28 Id. 217.

The statute of this state, like that of California, declares that: "The indictment shall charge but one offense; but it may set forth that offense in different forms under different counts." (1 Comp. Laws, 1862.)

In *The People* v. *Shotwell*, the defendant was indicted for forgery. In the second count, the check was set out in the identical language of the check described in the first count; but it was distinguished from it by being described as the "last mentioned" check. The court, therefore, very properly said that it was not possible, "from the face of the indictment, to say that the same check was intended to be described in both counts; and though the copies are alike, *verbatim et literatim*, it is not to be presumed that each is a copy of only one and the same original instrument." Certainly not, because such a presumption would be contrary to the plain meaning and intent of the words, "last mentioned" check, as used in the second count.

It does not, however, follow from any reasoning of the court that if the words "last mentioned" had not been used the court would have decided that the indictment charged two offenses.

If one offense is set forth in different counts, it must al-

ways be done, as stated in *The People* v. *Thompson*, in such a way "as to show clearly upon the face of the indictment that the matters and things set forth in the different counts are descriptive of one and the same transaction," and "the use of the words 'said' or 'aforesaid,' or other equivalent expressions in the second count of an indictment," may often be found "indispensable in order to fix the indentity of the offense therein stated with that contained in the first count." It would doubtless be better pleading to always use them. (*People* v. *Ah Sam*, 41 Cal. 648.) It would never do any harm and might often do good. It would in every case prevent the question here presented from being raised, and inasmuch as the age of technicalities will never pass away, the pleader ought in every instance to use every precaution to make his pleading clear, plain and perfect. In *The People* v. *Thompson*, no words were used in the indictment to show ": that the Crescent City Hotel, of the second count, is the Crescent City Hotel of the first, except that the names of the hotel and its proprietor are the same in both." The court decided that the identity of the names of the houses and their proprietors is *prima facie* evidence of the identity of the two houses, and that they are, in fact, one and the same house.

Now, applying that principle to the case in hand, does it not necessarily follow that the identity of the time, place, names of persons and description of property is *prima facie* evidence, at least, that they are the same? What principle of law exists that would authorize this court to indulge in the presumption that the two counts actually charge two different offenses, when the fact appears affirmatively upon the face of the indictment that the language of each count is identical as to the time, place, persons and property, and no words are used in either count tending in the slightest degree to show that more than one offense is intended to be charged? If we were to hold that the indictment charged two offenses, would it not be substituting a violent presumption for an apparent fact? It is true a case might be imagined where a defendant at

different times "on or about" the same day, at the same place, and from the same person, might embezzle the same amount and character of money. Such an event is possible. But is it true that because such an event might happen, a court must presume that it did in this case? It was within the wide range of possibilities that the defendant Thompson, in 28 California, actually broke into the Crescent City Hotel at two different times on the same day, and that at one time he intended, as charged in the first count, to steal the goods of John McRaith; and at the other time, as charged in the second count, to steal the goods of John McGrath.

It was admitted upon the oral argument that it would be proper in indictments for robbery, in different counts, to charge the property as belonging to different persons. Now, unless such indictments appropriately used the words "said" or "aforesaid" in describing the money or other property, why might it not there, as well as here, be claimed that the indictment charges two offenses?

In *The State* v. *Chapman*, the indictment charged the robbery in two counts, the only difference being "that in one the money is charged as being the property of Wells, Fargo & Co., and in the other it is laid in the messenger having at the time special custody thereof."

The objection that the indictment charged more than one offense was summarily disposed of, and the district attorney was commended for the excellent manner in which the indictment was framed. (6 Nev. 325.)

The counts in that indictment were not in any manner connected by the words "said" or "aforesaid," or other equivalent words.

Is it not evident from the general framework, language and structure of the indictment in the present case, that the same offense was intended to be and is charged in each count? If so, that is all the law requires. (*State* v. *Rust*, 35 N. H. 441.)

Is it not apparent upon the face of the indictment to " a person of common understanding " (1 C. L. 1867) that the different counts, charging the same offense in different

ways, were inserted for the purpose of meeting the evidence as it might turn out upon the trial, and be admissible under the provisions of section 74 of the act concerning crimes and punishments?   (1 C. L, 2380,)   We think it is.

Whenever such facts appear, courts invariably sustain the indictment, no matter in what form the objection may be made or whether the law allows more than one offense or not to be charged in the indictment.   (*State* v. *Nelson*, 11 Nev. 339; *Engleman* v. *The State*, 2 Ind. 91; *Joy* v. *The State*, 14 Id. 144; *State* v. *McPherson*, 9 Iowa, 56; *People* v. *McKinney*, 10 Mich. 95; *State* v. *Canterbury*, 28 N. H. 227; *State* v. *Lincoln*, 49 Id. 464; *Mayo* v. *State*, 30 Ala. 33; *U. S.* v. *Dickinson*, 2 McLean, 327; *State* v. *Hood*, 51 Me. 364; *Hampton* v. *State*, 8 Humph. 71; *Cash* v. *State*, 10 Id. 113; *Reg.* v. *Trueman*, 8 C. & P. 727.)

We are of opinion that the court did not err in overruling the demurrer.

The judgment of the district court is affirmed.