Albaugh, J.
At the January term, 1890, of the court of common pleas the grand jury returned an indictment against the plaintiff in error containing two counts; the first charged him with ■committing a rape upon his daughter on the 20th day of November, 1889, and the second for carnally knowing a female ■child under the age of fourteen years.
He entered a plea of not guilty, and was tried and convicted upon the first count of the indictment, and sentenced to imprisonment in the penitentiary for life.
A motion$for a new trial was overruled, and a bill of exceptions taken, setting forth what is claimed to be all the evidence offered in the case and the ruling of the court upon questions arising5upon the evidence presented during the trial, and a petition in error is filed to reverse the judgment.
It is assigned for error that the court erred in admitting certain evidence upon the trial offered by the state and objected to by the accused.
And that the verdict is not sustained by sufficient evidence.
It is alleged in^the indictment that”the crime was committed on the 20th day of November, 1889, both counts having reference to one and the same transaction. During the trial the state called the prosecuting witness and examined her •touching the'transaction a,s alleged on the 20th of November. After she had^testified fully to the perpetration of the crime in all the particulars, she was asked by the prosecuting attorney •whether the accused had at any time before that undertaken *394 the same thing with her. This was objected to, and the objection was overruled, and the prisoner excepted; she answered, “yes, sir.” She was then permitted to testify against the objection of the accused, that on or about the 20th of October of the same year he had committed a similar crime, of which she gave full evidence in detail. It is now claimed that the court erred in admitting this testimony. If this testimony was not competent, it was certainly prejudicial to the rights of the accused upon the trial.
There is a class of cases in which evidence of other distinct offenses or transactions is admitted, although not alleged in the indictment, for the purpose of proving guilty knowledge, such as passing counterfeit money, receiving stolen goods.known to have been stolen, and the like, and in all cases perhaps in which it is necessary to allege in the indictment and prove upon the trial such guilty knowledge; but this evidence is only admitted in such cases for the sole reason and upon the ground that it bears upon that question and tends to prove guilty knowledge.
The section of the statute under which the crime is charged in this case, provides that a person convicted of rape upon his daughter - shall be imprisoned in the penitentiary for life. The only ground upon which’ the evidence could have been offered or admitted, would be that it tended by inference to prove the act at the time alleged in the indictment. While in this case time is not of the essence of the offense, and proof that the crime was committed within any reasonable time from that alleged would be competent, yet the state is confined to the one transaction alleged in the indictment, unless other acts were committed so near the time as to be a part of the res gesta. In Barton v. The State, 18 Ohio, 221, it is said “it 'is never admissible to prove that a person has previously committed a crime of a similar nature or character, to show that he committed the criminal act for which he is on trial .... Each case must be tried upon its own merits, and be determined by the circumstances connected with it, without reference to the character of the party charged, or the fact that he may have previously committed similar crimes. On the trial of such cases it is error to permit evidence to go to the jury for *395 the purpose of proving that just before the defendant committed the act for which he is on trial he committed another larceny. The same rule was adhered to in Farrar v. State, 2 Ohio St. 54.
Also, in Cobb v. State, 31 Ohio St. 101, it is held that on the trial of a person, charged with an assault with intent to rob, it is error to admit testimony on behalf of the state tending to prove the defendant guilty of other assaults about the same time.
In the case of Stockwell v. State, 27 Ohio St., 513, it is said that evidence of previous similar transactions between the same parties is not competent. -The indictment was for selling intoxicating liquors to a person in the habit of getting intoxicated, with but one count charging a single act of sale to have been made on the 20th of December, 1871. It was held that upon the trial under an indictment containing but a single count, charging an illegal sale of liquor by the defendant to a person in the habit of becoming intoxicated, the prosecution should be so restricted as to prevent the case from going to the jury upon evidence of more than one transaction. In the case of Benson v. The People, 1 Denio, 577, the prosecution was for assault and battery charged to have been committed on the 25th of November. It was held to be error to admit evidence of another assault by the defendant upon the same person on the 14th of November.
The rule is the same in Coleman v. People, 55 N. Y. 81; State v. Lapage, 57 N. H. 245; Snyder v. Com’rs, 85 Penn. St. 519; Wharton Crim. Ev. 31; 2 Greenleaf Ev. 42; Bonsell v. State, 35 Ind. 460; Sutton v. Johnston, 62 Ill. 209.
The indictment should set forth the crime specifically, in Such a manner as to enable the accused to take notice upon what particular offense or transaction the state relies for a conviction, that he may be able to meet the charge by proof and that he may not be taken by surprise by the introduction of testimony upon a transaction which was not alleged in the indictment. Where several offenses of the same kind are set forth in the indictment, the court will, on motion of the accused, compel the State to elect upon which offense it relies for conviction. It would hardly be contended that, after elec *396 tion, evidence could be admitted to prove all the other offenses alleged; the very object of an election would be to confine the State to the one offense upon which it relies for a conviction, and to exclude all evidence offered upon the other offenses charged.
W. J. Massey, for plaintiff in error.
8. M. Winn, Pros. Att’y, for defendant in error.
The accused is presumed to be innocent until he is proven guilty. It is alleged in the indictment that the crime was committed on the 20th of November; he would naturally prepare himself to meet that charge upon the trial. After it was fully proven by the State, so far as the evidence of the prosecuting witness was concerned, the State offered evidence that another separate and distinct crime of the same character had been committed on the 20th of October. The accused could have had no opportunity to prepare to meet this charge in any way, and perhaps for that very reason was unable to rebut such testimony. The perpetraxion of such crimes always provokes unbounded condemnation and disgust, and when a person is charged with such a crime, he comes before the jury under manifest disadvantages; the very fact that he is so charged, is sufficient to create in the minds of some persons the impression that he. is guilty. The jury should not be prejudiced against him in the trial of his case by the admission of any testimony that does not tend to prove the issue he has tendered by his plea of not guilty. It is the humane policy of the law to give to every person charged with crime, it matters not how revolting the crime may be, a fair and impartial trial. This right is the constitutional guaranty of every person. We think this testimony should not have been admitted upon the trial of the case. The question that the verdict is not supported by sufficient evidence, cannot be considered. It is certified that the evidence is all substantially set forth in the bill of exceptions. This is not sufficient. Before a reviewing court can consider this question, it must be certified that the evidence is all set forth and contained in the bill of exceptions. The judgment must be reversed, and cause’ remanded for further proceedings.