## SCHERER *v.* SCHERER.

[No. 2,900. Filed November 29, 1899.]

HUSBAND AND WIFE.—*Separation and Separate Maintenance.—Contracts.*—A contract entered into by husband and wife, who were living apart by mutual consent, providing a specific sum, payable monthly, for the support of the wife, is without consideration, and cannot be enforced.

From the Ohio Circuit Court. *Reversed.*

*J. B. Coles,* for appellant.

*O. F. Roberts* and *S. H. Stewart,* for appellee.

Scherer v. Scherer.

Comstock, J.—The complaint avers in substance that appellant and appellee were married in April, 1896, and continued to live together as husband and wife until the 30th of July of that year, at which date they separated. On the 1st of September, 1896, they entered into a written contract, made a part of the complaint, in which, among other things, it was stipulated "that for the purpose of providing a support for appellee, appellant agreed to pay her for her maintenance $10 per month on the first day of each month, commencing on said 1st day of September. Pursuant to this agreement, appellant paid her three monthly instalments, amounting to $30, and no more. At the commencement of this suit there was due appellee fourteen monthly instalments amounting to $140. A demurrer to the complaint for want of facts was overruled. Appellant answered in two paragraphs; the first set up affirmative matter; the second was a general denial. A demurrer was sustained to the first paragraph upon the ground that it did not contain facts sufficient to constitute a defense to the plaintiff's cause of action. The trial resulted in a judgment in favor of appellee for $140. Upon this appeal, appellant assigns as error the action of the court (1) in overruling the demurrer to the complaint; (2) in sustaining the demurrer to the first paragraph of answer. Believing the complaint insufficient, we do not pass upon the sufficiency of the answer.

The contract in question is in the following language: "This agreement made this 1st day of September, 1896, by and between John L. Scherer of Ohio county, in the State of Indiana, and Anna Scherer of Dearborn county, in the State of Indiana, Witnesseth: That whereas said John L. Scherer and Anna Scherer are husband and wife, but have lived apart since the 30th day of July, 1896, by reason of the abandonment one of the other; and whereas said Anna Scherer is about to commence an action for support against said John L. Scherer, therefore, for the purpose of providing a support for said Anna Scherer to an extent by com-

promise agreed on, and for the further purpose of determining the compensation to be paid said Anna Scherer by way of alimony in the event of divorce proceedings, one against the other, it is agreed: (1) That said John L. Scherer shall pay to said Anna Scherer, for her maintenance and support, $10 per month, commencing this day, and payable at the office of Downey & Shutts, in Aurora, Indiana. (2) That if, after the expiration of two years from said 30th day of July, 1896, either party shall prosecute to final judgment an action for divorce against the other, the amount of alimony to be adjudged in favor of said Anna Scherer shall be $400, on which shall be credited the aggregate amount theretofore paid in such monthly instalments. (3) That if said John L. Scherer, after the expiration of said two years, shall successfully prosecute his action for divorce against said Anna Scherer, he shall be further entitled to credit on said judgment for alimony, in a sum equal to the necessary costs of said action, not exceeding $15, and not including his attorney's fees."

It is not shown by the complaint nor the contract that this separation was occasioned by any reason justified by the law. It is not necessary to cite authorities to the effect that the law favors marriage, and does not sanction contracts intended to effect its dissolution. It appears that the parties were living apart. It appears also that divorce proceedings were in contemplation. The amount of alimony which the wife was willing to accept was agreed upon, from which was to be deducted the amount theretofore paid in monthly instalments, under the agreement, together with the costs of the suit to a stated amount, in the event of a successful prosecution of a suit for divorce. Beach on Mod. Law of Cont., at §1256, says: "If a wife is living apart from her husband, with his consent, or for a justifiable cause, he is liable for necessaries furnished her, whether by an individual on her application or by a city or town under the laws for the relief of paupers. In an action against a husband for necessaries

furnished his wife while she was living apart from him, the burden is on the plaintiff to show that her absence was such as to give her a right to use her husband's credit." *Mayhew* v. *Thayer*, 8 Gray (Mass.) 172; *Sturbridge* v. *Franklin*, 160 Mass. 149, 35 N. E. 669; *City of New Bedford* v. *Chace*, 5 Gray (Mass.) 28; *Inhabitants of Monson* v. *Williams*, 6 Gray (Mass.) 416; *Inhabitants of Brookfield* v. *Allen*, 6 Allen (Mass.) 585.

The contract recites that the parties were living apart "by reason of the abandonment one of the other." If this language is construed to mean that the parties had separated by mutual consent, and certainly it will bear no construction more favorable to appellee than that she voluntarily separated from her husband, it fails to show that the wife left her husband for reasons justified by law. In the absence of such showing, she would have no claim against him for support, and any contract to furnish such support would be without consideration. Having separated from him, she can have no claim upon his support unless that separation was justified by some reason recognized by our law. No such reason appears. The dissolution of the marriage contract is not to be left to the caprice of the parties. Our statute provides causes for absolute divorce. It makes no provision for separation *a mensa et thoro*. Had appellee a cause for divorce, she was entitled to a judicial determination of her rights and to alimony. It is the policy of the law that those sustaining to one another the relation of husband and wife should live together. Contracts for separation and separate maintenance are approved by English decisions, which have been followed by a number of American cases, but in them provision is made through trustees. We are not advised of any cases in our country where an executory contract entered into by husband and wife without the intervention of a trustee has been enforced by the courts. That many contracts of this character have been carried out is well known, but they "are not favorites of the law," is well known. *Kedey* v. *Petty*, 153 Ind. 179.

*Reed* v. *Beazley*, 1 Blackf. 96, is strongly relied upon by appellee. In that case the suit was upon a note executed to a trustee, the consideration of which was shown by certain articles of agreement executed by Reed of the first part, his wife of the second part, and Beazley, trustee, of the third part, providing for the support of his wife. The husband covenanted for his own security and provided that in case he should be compelled to pay any of the debts of his wife he should retain the amount thereof out of the money he had covenanted to pay. The cause of the separation does not appear from the opinion, but we quote from it the following: "A disposition to separate man and wife or to facilitate a separation is nowhere manifested by the law or countenanced in the British books. But when unhappy differences arise and a separation is unavoidable, the law interposes to enable the parties to ameliorate the effects of the separation," from which we may infer that the cause of the separation was one at that time a ground for divorce. No other case in our reports has gone so far; it has not been cited in any of our decisions, but even in that case provision was made through a trustee.

The judgment is reversed, with instruction to the trial court to sustain the demurrer to the complaint.