# WILSON, EXECUTRIX, *v.* FAHNESTOCK, ADMINISTRATOR.

[No. 6,300.	Filed January 27, 1909.	Rehearing denied April 9, 1909.	Transfer denied June 2, 1909.]

1. JUDGMENT.—*Action on.—Collateral Attack.—*A complaint by the wife's executrix against the husband's administrator upon a judgment providing that the wife recover of and from the husband "as alimony, the sum of $5,000, all of which is ordered, adjudged and decreed. And now again come the parties and the [wife] files her receipt, by which she acknowledges the payment of said $5,000 as before allowed. It is further ordered and decreed that the [wife] pay the costs of this action," the complaint alleging that the receipt mentioned in such judgment was signed prior to the rendition of such judgment and while plaintiff was of unsound mind, in which condition she remained until her death, does not constitute a collateral attack upon such judgment, but attempts to enforce same by denying the alleged discharge thereof. · p. 40.

2. JUDGMENT.— *Discharge.— Disaffirmance.— Insanity.—Contracts. Laches.—Decedents' Estates.—*In a claim by a wife's executrix against testatrix's husband's administrator to enforce a judgment for alimony, the record showing an agreement of discharge, but the claimant alleging that such agreement was signed prior to the rendition of the judgment, and while the wife was of unsound mind, and that she continued in such condition until her death, the claim being filed within the statutory time, there was no laches, and the filing of such claim was a sufficient disaffirmance of the alleged agreement of discharge.	p. 41.

3. PLEADING.—*Answer.—Failure to Cover Entire Complaint.—*A paragraph of answer purporting to cover the complaint is bad if it fails to cover it entirely.	p. 41.

4. PLEADING.—*Answer.—Judgment.—Discharge.—Insanity.—*Where a complaint for the enforcement of a judgment denies an alleged agreement of discharge and alleges that such agreement was signed while the judgment creditor was insane, an answer which does not deny nor avoid the allegations of insanity is bad.	p. 41.

5. HUSBAND AND WIFE.—*Alimony.—Contracts.—Public Policy.—*A contract executed prior to the rendition of a judgment for alimony, for the discharge of such judgment upon the making of specified payments, is contrary to public policy and void.	p. 41.

6. ESTOPPEL.—*Accepting Benefits of Void Contract.—*The receipt of benefits from a contract void as against public policy, does not

estop the one receiving same from defending against the enforcement of such contract. p. 43.

7. EVIDENCE.—*Insanity.*—*Setting Aside Discharge of Judgment.*— Where one paragraph of a complaint sought to set aside a discharge of a judgment for alimony on the ground that the agreement of discharge was signed prior to the rendition of the judgment, and another, on the theory that the contract of discharge was signed after the rendition of the judgment but while the wife was insane, evidence of the wife's mental condition at the time of the rendition of the judgment and of the signing of the contract of discharge, is competent. p. 43.

8. JUDGMENT.—*Action on.*—*Jury.*—*Trial.*—In an action to enforce a judgment for alimony, where it was alleged that a pretended agreement of discharge had been signed prior to the rendition of the judgment, thus rendering it void, a jury trial is demandable. p. 43.

From St. Joseph Circuit Court; *Walter A. Funk,* Judge.

Action by Sarah M. Wilson, as executrix of the will of Carrie B. Fahnestock, deceased, against Augustus A. Fahnestock, as administrator of the estate of Camillus S. Fahnestock, deceased. From a judgment for defendant, plaintiff appeals. *Reversed.*

*Osborn, McVey & Osborn* and *Hickey & Wolfe,* for appellant.

*Daniel Noyes, W. B. Biddle* and *Anderson, Parker & Crabill,* for appellee.

COMSTOCK, P. J.—Appellant, as executrix of the will of Carrie B. Fahnestock, deceased, sought to recover on a judgment for alimony rendered in favor of the appellant's testatrix and against the appellee's intestate in the Laporte Circuit Court on October 3, 1899. A trial was had by the court, a special finding of facts and conclusions of law stated, and, over a motion for a new trial, judgment was rendered in favor of appellee.

The complaint is in two paragraphs. The first, omitting the caption, alleges, substantially, that the plaintiff was duly appointed executrix of the last will and testament of Carrie B. Fahnestock, deceased, and qualified as such executrix on

November 19, 1903; that on October 3, 1899, in the Laporte Circuit Court, said Carrie B. Fahnestock recovered a judgment for alimony against said Camillus S. Fahnestock in the sum of $5,000 (a copy of the judgment being set out) ; that prior to the rendition of said judgment, and on October 2, 1899, said Carrie B. Fahnestock was induced by said Camillus S. Fahnestock to sign what purported to be a receipt and satisfaction of said judgment, but that the same was without any consideration whatever, and was signed and executed by said Carrie B. Fahnestock before said divorce proceeding was tried, and before alimony in any sum had been allowed by the court, and that said judgment is due and unpaid.

The second paragraph of complaint differs from the first only in alleging therein that, for a long time prior to the rendition of said judgment, said Carrie B. Fahnestock was, and up to the time of her death continued to be, of unsound mind and incapable of transacting ordinary business affairs, and that on October 2, 1899, while incapacitated as aforesaid, she was induced by said Camillus S. Fahnestock to sign, etc.

Said judgment, as it appears from each paragraph of the complaint, reads, in part, as follows: ''And it is further ordered and adjudged by the court that the defendant recover of and from the plaintiff as alimony the sum of $5,000, all of which is ordered, adjudged and decreed. And now again come the parties, and the defendant herein files her receipt, by which she acknowledges the payment of said $5,000 as before allowed. It is further ordered and decreed that the defendant pay the costs of this action.''

The appellee answers in four paragraphs: (1) General denial; (2) payment; (3) setting out that after the commencement of the action for a divorce the parties, through their respective attorneys, entered into an agreement concerning their property rights, whereby it was agreed that, should said divorce be granted, a judgment for $5,000 ali-

mony would be entered subject to the conditions for payment and satisfaction thereof contained in a contract providing, among other things, that in consideration of the release and satisfaction of a judgment for alimony in the sum of $5,000, awarded Carrie B. Fahnestock in the Laporte Circuit Court on October 2, 1899, said Camillus S. Fahnestock is to pay to the first named party the sum of $5,000; that said contract was signed on October 2, but was not delivered until after the rendition of said judgment; that said judgment would not have been rendered if said contract had not been relied upon; that said Carrie B. Fahnestock received and retained each and all the several payments until her death, and neither she nor her executrix ever tendered or offered to return any of said money before filing said claim; that the defendant and his intestate have fully performed all the conditions of said contract.

The fourth paragraph of answer is substantially the same as the third, except that it presents the facts more specifically as in estoppel.

A demurrer to the third and fourth paragraphs of answer respectively was overruled, and the plaintiff replied, (1) by a verified general denial; (2) that "the writing set out in defendant's third paragraph of answer, purporting to be a copy of a contract and receipt executed between said Carrie B. Fahnestock and Camillus S. Fahnestock was never executed by said Carrie B. Fahnestock, but that some time prior to the granting of the divorce mentioned in said defendant's third paragraph of answer said Camillus S. Fahnestock induced said Carrie B. Fahnestock to sign her name to said paper; that at the time said Carrie B. Fahnestock was induced to sign said paper she was of unsound mind, and unable to understand, and did not understand, any of the terms and conditions of said purported contract, and that she continued to be of unsound mind up to the date of her death, and that she never received any consideration for signing

said pretended contract;" (3) that said pretended contract, set up in defendant's third paragraph of answer, was signed by plaintiff's testatrix, Carrie B. Fahnestock, but that said pretended contract was signed and delivered by the parties prior to October 3, 1899, and prior to the rendition of the judgment for alimony in said cause; that said agreement mentioned in said contract, set forth in defendant's third paragraph of answer, was never adopted by the court that tried said cause for divorce, and said receipt was signed and delivered without consideration, before the rendition of said judgment for alimony, to said Camillus S. Fahnestock, and, by his attorney, was filed without the knowledge of said Carrie B. Fahnestock; (4) that prior to October 3 Camillus S. Fahnestock was the husband of Carrie B. Fahnestock, and that said parties resided in the city of Laporte, Indiana; that Camillus S. Fahnestock was a noted and eminent physician about fifty years of age, in good health, had a large amount of property, and was earning from $7,000 to $9,000 annually; that prior to October 3 said Carrie B. Fahnestock was weak in body and mind, and for said reason said Camillus S. Fahnestock was very anxious to secure a divorce from said Carrie B. Fahnestock; that on September 19, 1899, said Camillus S. Fahnestock instituted divorce proceedings against said Carrie B. Fahnestock in the Laporte Circuit Court, setting up the fact of her mental condition as a cause for said divorce, and while she was being treated for said mental disease, and was unable, by reason of said disease, to understand or appreciate or know what was transpiring with relation to her affairs; that the attorney who represented said Carrie B. Fahnestock in said divorce proceedings was employed by the husband and paid by him; that the husband had prepared the writing set forth in defendant's third paragraph of answer, and purporting to be a contract in settlement of alimony awarded said Carrie B. Fahnestock in said divorce proceeding, and

also what purported to be a receipt for said sum of $5,000 alimony, and secured the signature of said Carrie B. Fahnestock to said writing and receipt while she was in the condition aforesaid; that the pretended contract and receipt were prepared and her signature was obtained before the granting of said divorce, and before the rendition of said judgment for alimony, and that the same had never been ratified by her or any one acting, or having authority to act, in her behalf; that prior to October 3, 1899, an oral agreement was made by the parties to said divorce proceeding, whereby said Camillus S. Fahnestock agreed that a judgment of $5,000 be entered against him in said divorce proceeding, and that he would pay to said Carrie B. Fahnestock the sum of $25 per month, etc.; that as a confirmation of said oral agreement said judgment was entered, and said Camillus S. Fahnestock paid to said Carrie B. Fahnestock, or caused to be paid, the sum of $25 per month up to the time of her death on September 6, 1903. Wherefore the plaintiff demands judgment, etc.

The replies filed to the fourth paragraph of answer are identical with those filed to the third paragraph. A demurrer to the second, third and fourth paragraphs of reply to the third and fourth paragraphs of answer were respectively sustained. The cause was tried by the court, a special finding of facts made and conclusions of law stated thereon, and judgment rendered in favor of appellee. Many errors are assigned. A part of them only need be considered.

It is insisted by appellee that the action is a collateral attack upon the judgment. The claim must be disallowed. It is a proceeding upon the judgment, the satisfaction of which was not in issue. The record discloses no agreement for the satisfaction of the judgment. The recital of the filing of the receipt is not a part of the decree. It is a receipt which may be contradicted or explained.

It is also insisted that there should have been a disaffirmance before the commencement of the action, and that there

has been laches. Unsoundness of mind from the signing of the contract to the death of the testatrix is alleged. The testatrix died after appellee's intestate. It was necessary to file the claim against his estate. The claim was filed within ——— months after the death of the testatrix. There was no laches, and the filing was· a sufficient disaffirmance.

The third and fourth paragraphs of answer each purports to answer the entire complaint. If either fails to do this it is not good. *State, ex rel.,* v. *Tomlinson* (1897), 16 Ind. App. 662, 59 Am. St. 335; *Walker* v. *Walker* (1898), 150 Ind. 317, and cases cited.

Neither the third nor the fourth paragraph of answer denies or avoids the allegations of unsoundness of mind. They were material. The contract, made under the circumstances alleged, the testatrix not having been judicially determined to be of unsound mind, was voidable. It could not have been disaffirmed by her, her mental unsoundness continuing until her death. *Aetna Life Ins. Co.* v. *Sellers* (1900), 154 Ind. 370, 373, 77 Am. St. 481; *Teegarden* v. *Lewis* (1896), 145 Ind. 98; *Somers* v. *Pumphrey* (1865), 24 Ind. 231. The allegations in said answers as to unsoundness of mind are as follows: "That said contract was entered into in good faith and upon sufficient information, and it was understood by said parties and their attorneys that it was for the purpose of securing to said Carrie B. Fahnestock a fair and liberal provision and maintenance, without any knowledge or belief by said Camillus S. Fahnestock or his attorney that Carrie B. Fahnestock was then of unsound mind." This does not meet the allegations of unsoundness of mind of said testatrix.

The answer shows that the contract and receipt constituted a contract relating to alimony made during the pendency of a suit for divorce, executed before the rendition of the decree; that its performance was upon the condition that "a divorce be granted;" that said

contract and receipt were held by said attorneys under the agreement that, if a divorce should be granted as aforesaid, plaintiff, by his attorney, would consent to the rendition against him of said judgment. They purported to be a satisfaction of a judgment not in existence. The manifest purpose of the contract was to facilitate the procuring of the divorce. The wife would probably have been without remedy, if, during the five years the contract was to run, the husband had disposed of his property or had gone beyond the jurisdiction of the court. The provision of $25 a month for the support of the wife was providing for a duty already imposed upon him.

In *Moon* v. *Baum* (1877), 58 Ind. 194, the Supreme Court said: "It is not competent for a husband and wife to make a valid agreement as to alimony, during the pendency of a suit of divorce, independent of the sanction of a decree for divorce. The agreement set out in the complaint must, therefore, be held as voluntary on the part of Andrew Baum. An action will not lie to reform a voluntary agreement—one which the party is not bound to execute."

In *Evans* v. *Evans* (1892), 93 Ky. 510, 20 S. W. 605, the wife brought suit for divorce and alimony, and the husband set up a contract in defense thereof, that no suit was to be brought for alimony for the period of one year. The court in the course of the opinion said: "Such a contract should not be upheld. It is in violation of public policy; it is inconsistent with the full course of justice; it is not reasonable and just to the wife. The husband, during the period covered by the contract, might dispose of his entire estate. It would likely work a defeat of justice, and render the innocent and unoffending wife a pauper. It does not fully protect her rights, and should not, therefore, be enforced. Browne, Divorce, 270." See, also, *Fredericks* v. *Sault* (1898), 19 Ind. App. 604; *Scherer* v. *Scherer* (1899), 23 Ind. App. 384, 77 Am. St. 437; *Watson* v. *Watson* (1906), 37 Ind. App. 548; *Walters* v. *Hutchins* (1867), 29 Ind. 136;

*Everhart* v. *Puckett* (1881), 73 Ind. 409; *Wilde* v. *Wilde* (1893), 37 Neb. 891, 56 N. W. 724; *Hamilton* v. *Hamilton* (1878), 89 Ill. 349; *Thompson* v. *Thompson* (1892), 132 Ind. 288; *Stokes* v. *Anderson* (1889), 118 Ind. 533, 552, 4 L. R. A. 313; Greenhood, Public Policy, pp. 490, 491, 498, 499.

As we have stated, the fourth paragraph of answer presented the facts as an estoppel. A person who has derived benefit from a contract, which is void as against public policy, is not estopped thereby to defend against such contract, when it is sought to be enforced against him. *Brown* v. *First Nat. Bank* (1893), 137 Ind. 655, 672, 24 L. R. A. 206.

Appellant sought to prove the mental condition of Mrs. Fahnestock at the time of the divorce proceedings and the execution of the receipt. This evidence was excluded. The first paragraph of complaint alleged that the receipt was signed and delivered before the rendition of the judgment. The second paragraph is framed upon the theory that it was not executed until the marriage had been dissolved, and when the testatrix was of unsound mind, in which condition she remained until her death. If appellant should fail to sustain the first paragraph of complaint, by reason of the fact that said release and contract were delivered after the decree was rendered, then she should be permitted to introduce evidence of unsoundness of mind, whether the contract and receipt were executed for valuable consideration or no consideration. For if she was of unsound mind she or her representative had the right to avoid the same.

Appellant requested in writing that the issues of fact set forth in the first and second paragraphs of the complaint be tried by jury. The request was refused. As to the first, it should have been granted.

Judgment reversed, with instructions to sustain appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.