Filed Nov. 24, 1883.

---

No. 11,225.

## CALVERT v. THE STATE.

CRIMINAL LAW.—*New Trial.*—By the provisions of section 1842, R. S. 1881, a motion for a new trial in a criminal case may be filed after judgment, during the term at which it was rendered.

SAME.—*Bill of Exceptions.*—*Time of Filing.*—A bill of exceptions filed in a criminal case during the term at which the cause is tried, or within such time thereafter, if leave is granted during the term, as the court may direct, not exceeding sixty days, is properly filed, and constitutes a part of the record.

From the Hamilton Circuit Court.

*W. Garver* and *F. B. Pfaff,* for appellant.

*F. T. Hord,* Attorney General, *W. A. Kittinger,* Prosecuting Attorney, and *W. B. Hord,* for the State.

ELLIOTT, J.—The present code of criminal procedure provides that a motion for a new trial may be filed after judgment and during the term at which it was rendered, and radically changes the rule of the former code and makes the decisions rendered under it inapplicable. R. S. 1881, section 1842.

A trial is regarded as an entirety and a bill of exceptions filed in a criminal case during the term at which the cause is tried, or within such time thereafter as the court may direct, not exceeding sixty days, is regarded as properly filed and as constituting a part of the record. It is, of course, essential that leave to file should be granted during the term at which the trial is had. *Bruce* v. *State,* 87 Ind. 450 ; *Pitzer* v. *In-*

*dianapolis, etc., R. W. Co.,* 80 Ind. 569; *Jenks* v. *State,* 39 Ind. 1.

In the case before us the trial was had and judgment rendered at the September term, 1883, of the Hamilton Circuit Court, and at that term a motion for a new trial was filed, leave obtained to file a bill of exceptions within thirty days, and a bill filed within the time granted. The bill is, therefore, properly in the record, and the motion for a new trial was filed in time.

An exception taken at the time the motion for a new trial is overruled presents the question, if properly followed up, of the sufficiency of the evidence to sustain the finding or verdict.

The State, however, in addition to the points which we have disposed of, makes and insists upon the point that there is no sufficient assignment of errors for the reason that the names of the parties are not given, and the provisions of the statute, as well as the precedents, require us to sustain this position. *Thoma* v. *State,* 86 Ind. 182, and authorities cited.

Judgment affirmed.

Filed Nov. 24, 1883.