Filed April 23, 1885.

---

No. 12,243.

## HUNTER v. THE STATE.

CRIMINAL LAW.—*Practice.*—*Bill of Exceptions.*—In criminal cases, leave to file a bill of exceptions must be asked and obtained during the trial, and leave asked and obtained ten days after final judgment is too late, as the judgment terminates the trial.

From the Warren Circuit Court.

*J. McCabe* and *E. F. McCabe,* for appellant.

*F. T. Hord,* Attorney General, *W. B. Hord* and *J. G. Pearson,* for the State.

ELLIOTT, J.—The only question argued by appellant's counsel arises upon the instructions of the court which are embodied in a paper purporting to be a bill of exceptions. The State contends that there is no valid bill of exceptions in the record, and that, consequently, no question is properly presented.

On the 13th day of January, 1885, a verdict was returned against the appellant, and on that day a motion for a new trial was overruled and judgment pronounced on the verdict. On the 22d day of that month the appellant replevied the judgment rendered against him, and on the 23d he asked and obtained leave to file a bill of exceptions. The contention of the State is that the court had no authority to grant leave to file a bill of exceptions after final judgment was pronounced and entered, and counsel refer to the provision of the statute which reads as follows: "All bills of exceptions, in a criminal prosecution, must be made out and presented to the judge at the time of the trial, or within such time thereafter as the judge may allow, not exceeding sixty days from the time judgment is rendered." R. S. 1881, section 1847. In the case of *Jenks* v. *State*, 39 Ind. 1, the question was thoroughly examined, and it was said: "We are of the opinion that the word trial, as used in the above section, was not used in its limited and restricted sense, but in a general sense, and includes all the steps taken in the cause from the submission of the cause to the jury to the rendition of judgment." This was the broadest meaning, as is evident from the reasoning of the court and from the authorities cited, that could be given the word, and, giving it even this broad meaning, the request of the appellant for leave to file a bill of exceptions came too late, for it was not made until ten days after the case had been disposed of by a final judgment. In *Bruce* v. *State*, 87 Ind. 450, the provision of the statute referred to came under review, and the decision in *Jenks* v. *State*, *supra*, was approved, and it was held that if leave was obtained before the judgment was rendered, it would be effective; but the reasoning clearly leads to the conclusion that the leave must be obtained before the termination of the cause by a final judgment. In defining the meaning of the word "trial," it was said in *Sturgeon* v. *Gray*, 96 Ind. 166, that "The word 'trial,' as used in the above section, must be held to include all the steps taken in the cause,

from its submission to the jury to the rendition of the judgment." These authorities lead to the conclusion that the trial is terminated by the final judgment, and that the leave to file a bill must be obtained before the judgment, or at least concurrently with its entry.

The statute provides that "The exceptions must be taken at the time of the trial," and the general policy of the law is to secure the prompt statement of exceptions and their incorporation in a bill of exceptions. It is only by force of the statute authorizing the court to grant time to file bills of exceptions that courts have a right to grant it; but for this statutory authority it would be necessary to take the bill at the time of making the exceptions. The authority to grant time must be exercised in the manner prescribed by the statute, and the statute requires that the bill shall be filed or leave obtained before the final conclusion of the trial. We do not think the court has authority, as a matter of course and without good cause shown, to grant leave to file a bill of exceptions ten days after the final judgment has ended the trial and disposed of the cause. The most liberal construction that can justly be given this statute is that the defendant, during the trial, may either present a bill of exceptions to the judge, or, during the trial, may obtain leave to file it within such time as the court may grant, and that the trial is only terminated by the final judgment entered in the cause.

Judgment affirmed.

Filed April 11, 1885.