Filed June 26, 1885.

---

## No. 12,246.

### HUNTER *v.* THE STATE.

CRIMINAL LAW.—*Bill of Exceptions.*—*Time of Filing.*—*Practice.*—In criminal prosecutions bills of exceptions must be filed at the time of the trial, or within such time as the court may then allow. Section 1847, R. S. 1881.

SAME.—*Justice of the Peace.*—*Clerical Error in Transcript.*—Upon appeal to the circuit court from a conviction before a justice of the peace, a mere clerical error in copying the affidavit into the transcript, when shown to

be such by the original papers sent up as required by statute, is not available to the defendant.

SAME.—*Affidavit.*—*Notary Public.*—An affidavit before a justice of the peace charging felony or misdemeanor need not necessarily be sworn to before the justice, but it may be sworn to before a notary public. Sections 5964 and 6010; R. S. 1881.

From the Warren Circuit Court.

*J. McCabe* and *E. F. McCabe,* for appellant.

*F. T. Hord,* Attorney General, *W. B. Hord* and *J. G. Pearson,* for the State.

ZOLLARS, J.—Upon an affidavit charging appellant with having sold intoxicating liquors on Sunday, in violation of section 2098, R. S. 1881, he was convicted before a justice of the peace, and again on appeal to the circuit court. Over a motion for a new trial in the latter court, he was sentenced to pay a fine and costs.

The first question made here by his counsel is that the motion for a new trial should have been granted, because of the insufficiency and lack of evidence. This is met by the attorney general with the contention that the evidence is not before us, because there is no bill of exceptions embodying it properly in the record. This contention is supported by the record.

The motion for a new trial was overruled, and final judgment rendered on the 13th day of January, 1885. No bill of exceptions was filed at that time, nor was time asked or granted within which to file a bill. On the 23d day of the same month replevin bail was entered, and sixty days granted by the court within which to file a bill of exceptions. A bill, filed within that time, is copied into the transcript by the clerk, but it is clearly not a part of the record, and can not be so regarded. The trial ended with the overruling of the motion for a new trial and the final judgment on the 13th, after which time the court had no authority to grant or fix any time for the filing of a bill of exceptions. In criminal prosecutions bills of exceptions must be filed at the time of

the trial, or within such time as the court may then allow. R. S. 1881, section 1847; *Hunter* v. *State*, 101 Ind. 406.

The evidence is not in the record, and hence none of the questions dependent upon it can be considered.

Two questions are made as to the sufficiency of the affidavit upon which appellant was tried. The first is that there is no sufficient statement therein of the amount paid for the liquor. In the transcript from the justice's court, a copy of the affidavit is set out, and in this it is stated that the liquor was sold to one Miner "at and for the price of seventy-five."

The statute requires (R. S. 1881, section 1645), that on such appeals, the justice shall send up the original papers. This seems to have been done in this case. In the record here the clerk has set out the affidavit in full, and it contains the statement that the amount for which the liquor was sold was seventy-five cents. It is thus made apparent that the statement in the justice's transcript was a mere clerical error in copying the affidavit.

The second objection urged to the affidavit is, that it appears to have been sworn to before a notary public, and not before the justice of the peace. The statute provides that any justice, on complaint made on oath before him, charging any person with the commission of any felony or misdemeanor, shall issue his warrant, etc. R. S. 1881, section 1625. This requires that the complaint shall be made on oath, but it would be a narrow and unreasonable construction to hold that it requires that the oath must be administered by the justice who is to hear the case. It was surely not the intention of the law-makers that the justice might not proceed upon such a complaint, sworn to before the clerk of the court, or another justice. Nor could it have been intended that such a complaint might not be sworn to before a notary public. It is provided in two different sections of the statute that notaries public shall have authority to administer oaths generally, pertaining to all matters where an oath is required. R. S. 1881, sections 5964, 6010. The au-

·thority conferred by these sections is clearly broad enough to cover cases like the one before us.

The judgment is affirmed, with costs.

Filed May 25, 1885; petition for a rehearing overruled Sept. 16, 1885.