Barnaby v. The State.

No. 12,906.

## BARNABY v. THE STATE.

CRIMINAL LAW.—*Appeal. - Bill of Exceptions. —Practice.*—The power of the circuit court to extend the time of making out and presenting a bill of exceptions, in a criminal ·cause, is not exhausted until judgment is rendered.

SAME.—Where a motion for a new trial in a criminal cause is overruled, and sixty days given in which to make out and present a bill of exceptions and the cause continued, and no bill of exceptions is made out during said period, but at the following term at the time judgment is rendered, the court gives the defendant thirty days' time in which to prepare and file a bill of exceptions, within which time a bill is filed, such bill of exceptions is properly in the record on appeal.

SAME.—*Keeping Gaming House.—Evidence.*—For evidence held insufficient to sustain the charge of keeping a gaming house, see opinion.

From the Clark Circuit Court.

*J. G. Howard, J. F. Read* and *W. Z. Stannard,* for appellant.

*F. T. Hord,* Attorney General, *F. B. Burke,* Prosecuting Attorney, and *W. B. Hord,* for the State.

NIBLACK, J.—This was a prosecution based upon an indictment against Henry S. Barnaby, Samuel Tilley and Nick Wayne. The indictment was in two counts. The first count charged the defendants with keeping a gaming house, and the second with knowingly permitting their house to be used for gaming.

Tilley entered a plea of guilty, and had a fine assessed against him, and a *nolle prosequi* was entered as to Wayne. On the 19th day of June, 1885, a jury was empanelled to try Barnaby, and, on the same day, returned a verdict finding him guilty as charged, and assessing against him a fine of one hundred dollars. On the 10th day of July, 1885, which was during the term at which the verdict had been returned, Barnaby entered a motion for a new trial, and the cause was continued until the ensuing October term, during which, that is to say, on the 7th day of November, 1885, the motion for a new trial was overruled, and sixty days' time was given within

which to prepare and file a bill of exceptions, and the cause was again continued. No bill of exceptions was, however, filed within the time thus allowed. Afterwards, on the 4th day of January, 1886, which was during the regular January term of that year, the circuit court rendered judgment against Barnaby upon the verdict, which had been returned as above stated, and granted him thirty days within which to prepare and file a bill of exceptions. On the 1st day of February, 1886, a bill of exceptions was filed, and it has been certified to us as a part of the record in this cause.

Upon these facts counsel for the State make the point that when the circuit court, on the 7th day of November, 1885, granted an extension of sixty days' time within which a bill of exceptions might be prepared and presented, its power to extend time for such a purpose was exhausted, and that as the bill of exceptions certified to us, as above, was neither presented nor filed within the sixty days then allowed, it did not become, and, consequently, is not now, a part of the record, as it purports to be ; that, for the reason stated, the order of January 4th, 1886, granting thirty days' additional time within which to prepare and present a bill of exceptions, was inoperative and void for any practical purpose.

Section 1847, R. S. 1881, bearing upon the question involved, is as follows : "All bills of exceptions, in a criminal prosecution, must be made out and presented to the judge at the time of the trial, or within such time thereafter as the judge may allow, not exceeding sixty days from the time judgment is rendered ; and they must be signed by the judge and filed by the clerk. The exceptions must be taken at the time of the trial."

Section 120 of the criminal code of 1852, 2 R. S. 1876, page 405, contained substantially the same provisions, except that the time for filing a bill of exceptions could not be extended beyond the term at which the trial occurred. In construing that section this court held, in the case of *Jenks* v. *State*, 39 Ind. 1, that the proceedings in a criminal cause are

*in fieri* until the judgment is rendered, and that the word "trial," as used in that section, included all the steps taken in the cause from its submission to the court or jury to the rendition of the judgment. In placing a construction upon section 1847, above set out, this court, in the case of *Bruce* v. *State*, 87 Ind. 450, adopted and adhered to the meaning attached to the word "trial" by the case of *Jenks* v. *State*, as above, and further held that, while exceptions to be available must be taken at the time the decision complained of was made, the exceptions thus taken will become a part of the record by being incorporated into a bill, or bills, of exceptions, signed by the judge and filed by the clerk, at or before the time of the rendition of the judgment, or within such time thereafter as the court may allow, not exceeding sixty days.

As an inference from, and sequel to, the statutory constructions given in the two cases noted as above, we think it results that the power of a *nisi prius* court to extend the time of making out and presenting a bill of exceptions, in a criminal cause, is not exhausted until the judgment is rendered, and the parties have, in legal contemplation, passed out of court. It follows that the bill of exceptions filed in this case is properly in the record.

The cases of *Robinson* v. *Johnson*, 61 Ind. 535, and of *Davidson* v. *State, ex rel.*, 62 Ind. 276, and perhaps others, from which a different inference may have been drawn, were civil causes, and rest upon sections of statutes differing in their phraseology from the section set out in this opinion. *Calvert* v. *State*, 91 Ind. 473; *Hunter* v. *State*, 101 Ind. 406; *Hunter* v. *State*, 102 Ind. 428.

On behalf of Barnaby, the appellant here, it is claimed that the verdict was not sustained by sufficient evidence.

One Ross testified that he was acquainted with Barnaby, who was then, and for the preceding two years had been, engaged in running a saloon on Spring street between Front and Market streets, in the city of Jeffersonville, in the county

of Clark, in this State, in the lower story of a three-story brick building, situate about the middle of the square; that he, witness, was present in the room over Barnaby's saloon when a game of faro was being played; that a man by the name of Tilley was running the game and seemed to be in control of the room; that there were two ways of getting into the room in which the game was played, one being by a side stairway going to the upper part of the building from Spring street without entering the saloon, and the other through a door going from the saloon into this side entrance; that witness saw this gaming going on twice within the then preceding two years, but did not see Barnaby either time in the room or in his saloon, the barkeeper each time having charge of the latter place; that witness never saw anything to indicate that Barnaby had any knowledge of the gaming in question, or that he had any control of the second story of the building.

One Hutchings, also called as a witness, stated that he was, at one time, barkeeper for Barnaby, and did not know of any gaming being carried on in the room over the saloon, and did not believe that any was while he was about the building; that he never knew of Barnaby being in control of any part of the building, except the lower story.

One Davern, also testifying as a witness, said he was in the room over Barnaby's saloon at one time when gaming was going on; that he saw certain persons there, naming them, but Barnaby was neither there nor at his saloon at the time; that he, witness, went up-stairs from the saloon entrance, and knew of others going up the same way when Barnaby was in the saloon; that Tilley was at the time running the game; that Barnaby had previously lived in the upper part of the building with his family. And this was all the evidence given in the cause.

Whatever the truth of the matter may have been, this evidence palpably failed to show that the appellant had any interest in or control over the room in which the gaming tes-

tified to took place, or that he any knowledge of the manner in which it was being used at the times the games were played. His having once lived in the upper part of the building carried no presumption against him after he ceased to occupy that part of it. This was a failure of proof in an essential respect, and brings the case within the principle recognized by the case of *Padgett* v. *State,* 68 Ind. 46. The circuit court consequently erred in overruling the appellant's motion for a new trial.

The judgment is reversed, and the cause remanded for further proceedings.

Filed May 25, 1886.