Bruce *v*. The State.

Filed May 28, 1895.

---

No. 17,362.

## BRUCE *v*. THE STATE.

CRIMINAL LAW.—*Bills of Exceptions.—When not Properly in Record.*—
Where a judgment in a criminal case was entered September 22, and bills of exceptions were not filed until April 5th thereafter (a motion for a new trial having been made during the term and overruled February 10th, and sixty days given in which to file bills of exceptions), the bills of exceptions are not properly in the record.

From the Vigo Circuit Court.

Bruce v. The State.

G. W. Faris, S. R. Hamill, J. O. Piety, J. E. Piety and J. C. Robinson, for appellant.

A. G. Smith, Attorney-General, M. C. Hamill, Prosecuting Attorney, J. Jump, J. E. Lamb, J. C. Davis and J. D. Early, for State.

Howard, C. J.—The appellant was convicted of grand larceny and sentenced to imprisonment in the State's prison.

The only error assigned is the overruling of the motion for a new trial.

From the record it appears that on September 22, 1893, at the September term, 1893, of the Vigo Circuit Court, judgment was rendered against the appellant.

A motion for a new trial was prayed during the term, but was not heard until February 10, 1894, when it was overruled, an appeal prayed, and sixty days given for bills of exceptions.

If this were a civil case the appeal, although somewhat dilatory, would have been properly perfected.

By section 1916, R. S. 1894 (section 1847, R. S. 1881), it is provided that: "All bills of exceptions, in a criminal prosecution, must be made out and presented to the judge at the time of the trial, or within such time thereafter as the judge may allow, not exceeding sixty days from the time judgment is rendered; and they must be signed by the judge and filed by the clerk. The exceptions must be taken at the time of the trial."

The judgment in this case was rendered September 22, 1893; and the bills of exceptions were made out and presented to the judge April 5, 1894. It would seem clear that the bills came too late.

In Hunter v. State, 101 Ind. 406, it was held that under the foregoing statute, "The trial is terminated by the

final judgment, and that the leave to file a bill must be obtained before the judgment, or at least concurrently with its entry.''

In the present case, leave for additional time to file the bill was not given until February 10, 1894, long after the rendition of the judgment, and even after the term at which judgment was entered.

In *Bartley* v. *State*, 111 Ind. 358, it was said that: ''The power of the court, therefore, to extend the time within which a bill of exceptions may be filed, after the close of the term, is, in a criminal cause, limited to sixty days after the judgment is rendered. * * * The rule to be observed in making out and filing bills of exceptions in criminal causes, is less elastic, and has been, and still is not so liberal as that prescribed in civil cases.'' See, also, *Calvert* v. *State*, 91 Ind. 473; *Marshall* v. *State*, 123 Ind. 128; Moore and Elliott Crim. Law, section 276.

The bills of exceptions not being in the record no question is presented, under the error assigned, that the court overruled the motion for a new trial.

The judgment is affirmed.

Filed June 5, 1895.