Henderson v. McAllister.

No. 17,266.

HENDERSON v. McALLISTER.

RECORD.—*Clerk's Certificate.*—*Bill of Exceptions.*—*Reporter's Long-hand Manuscript.*—*Evidence not in Record.*—*Appeal.*—Where it appears from the clerk's certificate that "the original longhand manuscript of the case" was filed in his office and was incorporated into "a bill of exceptions," it not appearing what that bill of exceptions was, and it appearing that no bill of exceptions in the case was ever filed except bill of exceptions showing the filing of motions to modify the decree, the evidence is not properly in the record, and questions depending on the evidence for solution can not be decided.

From the Montgomery Circuit Court.

*B. Crane, A. B. Anderson* and *F. B. Mount,* for appellant.

*J. West, G. W. Paul* and *M. W. Bruner,* for appellee.

HOWARD, C. J.—This was an action brought by the appellee against the appellant to enjoin the obstruction of a certain tile drain commencing at a pond above the lands of appellee, extending across said lands, and terminating in an outlet on the lands of appellant; also, to quiet the title of appellee to an easement in said drain over the lands of appellant. The drain was constructed by agreement of the parties who were the owners of the lands at the time of its construction, and was made for the purpose of draining their respective lands. The parties hereto, as subsequent grantees, purchased their lands with knowledge of the drain and of the agreement for its construction.

This is the second appeal in the case. *McAllister* v. *Henderson,* 134 Ind. 453.

On the former appeal this court decided, on the facts set up in the answer of Henderson, that McAlister was not entitled to the relief prayed for in his complaint, for

the reason, as shown by the facts so set up, that he had himself violated the terms of the agreement by unduly increasing the flow of the water through the drain and over Henderson's land.

In the retrial of the case, on its return to the court below, each party introduced evidence to establish the truth of the respective allegations in the pleadings. The court found for the appellee, and entered a decree quieting his title to an easement in the drain over appellant's land and enjoining any further obstruction of the same.

The errors assigned on this appeal are the overruling of the appellant's motion for a new trial, and the overruling of his several motions to modify the decree. The correctness of the ruling of the court on these motions depends on the evidence. Appellee, however, contends that the evidence is not in the record by reason of the failure of the clerk to properly authenticate the bill of exceptions. In this contention we are inclined to agree with appellee.

It appears that what the clerk calls "the original longhand manuscript of the case," by which he undoubtedly meant the longhand manuscript of the evidence, was filed in his office and was incorporated into "a bill of exceptions." What that bill of exceptions was is not shown, nor is there any certificate of the clerk or order of court showing that any bill of exceptions in the case was ever filed in the clerk's office, except the bills of exceptions showing the filing of motions to modify the decree. There is, therefore, no question before us for decision.

We have, however, looked at the evidence contained in the longhand manuscript and are satisfied that if such manuscript were properly before us it discloses evidence to sustain the finding of the court on every material point. It is shown that the ground through which the drain runs is low and swampy and that the water now

drained by the tile would naturally flow in the same direction as it is carried by the drain. The original agreement provided for this drainage for the benefit of the lands of both parties. On appellant's land six-inch tile was laid; on appellee's land the tile was five inch. That has so remained in each case, and it is not easy to see how water coming in a five-inch tile may not all be discharged through a six-inch tile. Appellee had a right to place his tile deeper in the ground if he chose to do so. It could in any case not carry any more water than was contained in the land drained, and there is evidence to show that no water passes through appellee's tile except that which would naturally flow or ooze through the ground along the line of the drain and over appellant's land. It was to carry that water the agreement was originally made and the drain was first constructed. See, also, *Wharton* v. *Stevens*, 84 Iowa, 107, 35 Am. St. Rep. 296.

The judgment is affirmed.

Filed June 6, 1895.