No. 17,632.

## GUENTHER v. THE STATE.

BILL OF EXCEPTIONS.—*Not Shown to Have Been Filed in Clerk's Office.* *—Criminal Law.*—Where, in a criminal case, there is no statement in the record or transcript that the bill of exceptions was ever filed in the clerk's office, the bill is not properly in the record.

SAME.—*Time for Filing.—Judgment.*—After judgment has been rendered time can not be allowed in which to file a bill of exceptions.

SUPREME COURT PRACTICE.—*Questions Depending on Evidence.—Evidence not all in Record.*—When the bill does not affirmatively show that it contains all the evidence in the cause, the Supreme Court will not pass upon questions depending upon the evidence.

From the Randolph Circuit Court.

*W. C. Walker, W. O. Smith* and *F. Garrett,* for appellant.

*W. A. Ketcham,* Attorney-General, and *F. E. Matson,* for State.

McCABE, J.—The appellant was found guilty by the jury on a trial of the charge of rape, in the circuit court, his punishment being fixed at confinement in the State prison for one year. The court rendered judgment on the verdict.

The only proper assignment of error here is the action of the trial court in overruling his motion for a new trial. The grounds therefor stated in such motion are that the circuit court erred (1) in overruling his motion for a continuance, (2) in overruling his motion for a change of venue from the county, (3) in instructing the jury as in a certain specified instruction.

These and other grounds specified in the motion of a similar nature, as well as that the verdict is contrary to law and the evidence, require a bill of exceptions to pre-

sent them. There is incorporated in the transcript what purports to be a bill of exceptions incorporating what purports to be the longhand manuscript of the evidence as taken by the official shorthand reporter at the trial.

But there is no statement or showing anywhere in the record or in the transcript of the clerk that such bill of exceptions was ever filed in the office of the clerk of the trial court.

The objection is made, on behalf of the State by the attorney-general, to the consideration or decision of any of the questions raised by the motion for a new trial, because they are not presented to us for our consideration and decision for want of a bill of exceptions in the record presenting them. Our criminal code provides that a bill of exceptions "must be signed by the judge and filed by the clerk." Burns R. S. 1894, section 1916 (R. S. 1881, section 1847).

It has been held, and correctly so, we think, by this court under this statute, that "when * * these facts are shown by the record, then, and not before, can the bill be considered here as constituting a part of the record." *Stewart* v. *State,* 113 Ind. 505. To the same effect is *Henderson* v. *McAllister,* 141 Ind. 436.

In the former case it was there held that the statute is mandatory as to both requirements.

Besides, the motion for a new trial was overruled on the 29th day of April, 1895, whereupon the judgment was rendered on the same day. After the judgment was rendered the court made the order allowing thirty days to file the bill of exceptions.

The trial judge certifies that he signed the bill of exceptions on the 14th day of May following. The statute cited provides that "All bills of exceptions in a criminal prosecution must be made out and presented to the judge at the trial, or within such time thereafter as the judge

may allow, not exceeding sixty days from the time judgment is rendered; and they must be signed by the judge and filed by the clerk.''

It has been held, under this statute, that time can not be allowed in which to file a bill of exceptions after the judgment is rendered. *Hunter* v. *State*, 101 Ind. 406, and cases there cited; *Hunter* v. *State*, 102 Ind. 428; *Bruce* v. *State*, 141 Ind. 464.

So that, if even we should treat the transcript as showing that the bill of exceptions had been properly filed in the clerk's office, it was not made and presented to the judge at the time of the trial, and as no valid order was made allowing time thereafter for so presenting and filing the same, it is not a part of the record for that reason. Moreover, the bill of exceptions does not purport to contain all the evidence in the cause, but the judge states, over his signature, ''that it contains a full, true, complete and impartial transcript and report of all the evidence of said witnesses, to wit: John Born, Karoline Born and Jacob Born.'' This is far from a compliance with the rule long established that the bill of exceptions must show that it contains all the evidence in the cause. When the bill fails to affirmatively show that it contains all the evidence in the cause this court can not and will not consider and pass upon questions which are based upon the evidence. *Garrison* v. *State*, 110 Ind. 145; *Beatty* v. *O'Connor*, 106 Ind. 81; *Kleyla* v. *State, ex rel.*, 112 Ind. 146; *Central Union Tel. Co.* v. *State, ex rel.*, 110 Ind. 203; *Baltimore, etc., R. R. Co.* v. *Barnum*, 79 Ind. 261; *American Ins. Co.* v. *Gallahan*, 75 Ind. 168; *Barley, Admr.*, v. *Dunn, Admr.*, 85 Ind. 348; *Bender, Exr.*, v. *Wampler*, 84 Ind. 172; *Fellenzer* v. *VanValzah*, 95 Ind. 128; *Ingel* v. *Scott*, 86 Ind. 518; *Ohio, etc., R. W. Co.* v. *Nickless*, 73 Ind. 382; *Henderson* v. *McAllister, supra.*

There is in the transcript what purports to be another bill of exceptions containing certain instructions given and exception thereto and certain others refused and exception thereto, also certain other matter containing exceptions to other rulings and signed by the judge on the same day. But there is nothing to show that it was ever filed in the clerk's office or that time was allowed the appellant in which to present and file the same. Neither of these bills of exceptions, therefore, form any part of the record of the cause in this court, and their contents can not be considered in determining the questions raised by the motion for a new trial.

That leaves the record without anything to show affirmatively that there was error, and the presumption being that the judgment is correct until the contrary is affirmatively shown by the record, the judgment is affirmed.

MONKS, J., did not participate in the decision of this cause.

Filed June 14, 1895.