Filed October 16, 1895.

---

No. 17,759.

## HOTSENPILLER v. THE STATE.

BILL OF EXCEPTIONS.—*Leave to File.*—*When Obtainable.*—*Criminal Law.*—*Trial.*— If leave to file a bill of exceptions, in a criminal case, is not given until after judgment is rendered, the bill, if filed within the time allowed, will not be a part of the record; for leave to file the bill can only be granted "at the time of the trial," under section 1916, R. S. 1894, the term "trial" meaning all the steps taken in the cause from its submission to the court or jury to the rendition of the judgment.

From the Adams Circuit Court.

*Mann & Beatty*, for appellant.

*W. A. Ketcham*, Attorney-General, for State.

MONKS, J.—Appellant was tried and convicted by

the court, without the intervention of the jury, upon an indictment charging him with the crime of forgery.

The only error urged is that the court erred in overruling appellant's motion for a new trial.

The determination of the sufficiency of the causes assigned for a new trial depends upon the evidence.

The Attorney-General insists that the evidence is not in the record. It appears from the record that the court found appellant guilty of forgery as charged in the indictment, and on the 22d day of August, 1895, the court rendered judgment on said finding.

No bill of exceptions containing the evidence was filed before or at the time judgment was rendered, nor was any time then given within which to file a bill of exceptions. On August 27th, after judgment was rendered on the finding, appellant filed his motion for a new trial, which motion was overruled on September 6th, and sixty days given within which to file a bill of exceptions. A bill of exceptions was presented to and signed by the judge within the sixty days given. The contention of the Attorney-General is that after the court had rendered judgment on the finding, it had no power to grant leave to appellant to file a bill of exceptions.

Section 1847, R. S. 1881 (section 1916, R. S. 1894), provides that "All bills of exceptions, in a criminal prosecution, must be made out and presented to the judge at the time of the trial, or within such time thereafter as the judge may allow, not exceeding sixty days from the time judgment is rendered."

The word trial, as used in said section, includes all the steps taken in the cause from its submission to the court or jury to the rendition of the judgment. It is evident that the trial is terminated by the judg-

ment on the finding of the court or verdict of the jury, and that leave to file a bill of exceptions must be obtained before or at the time when such judgment is rendered. *Hunter* v. *State*, 101 Ind. 406; *Bruce* v. *State*, 141 Ind. 464, and cases cited. As the leave to file the bill of exceptions was not given until after the judgment was rendered, it was without authority. The court can only grant such leave at the time and in the manner provided by said statute.

It follows that the.bill of exceptions purporting to contain the evidence is not in the record. It is therefore presumed that the motion for a new trial was properly overruled for the reason that there is nothing in the record to the contrary.

Judgment affirmed.

