On Petition for. Rehearing.
McCabe, J.
Two points made by appellant for a rehearing deserve some special mention, namely, that we erred: (1) in holding that the evidence does not all appear to be contained in what purports to be the bill of exceptions; and (2) that the record does not show that the bill of exceptions was ever- filed. As to the first point, what purports, to be the bill of exceptions shows that a lot of record and documentary evidence was offered, to the introduction of which the appellant objected and his objection was overruled, to which there was exception. The evidence is not set out. But counsel for appellant come forward now and say such *513 evidence was never in fact introduced and file affidavits of the .stenographer and one of appellant’s counsel stating that such documentary evidence was not in fact ever introduced. They also claim that such documentary evidence is in the bill of exceptions in proof of which they cite the place in the longhand manuscript where the objection was overruled following which is this statement: “See exhibit A, page 307.” Turning to that page, is what purports to be a complete record of a partition suit without any statement whether it was introduced in evidence or not. There is nothing to identify this as a record of any court or to show that it was or was not read in evidence. There is no attempt by appellant’s counsel to explain how it got into the bill of exceptions, if in fact it, as they swear, never was introduced in evidence. So that, upon the whole, we are left in some doubt whether the matter was read in evidence or not, and if it was, there is nothing to identify it with that which was offered.
But if the document purporting to be the bill of exceptions is not in the record, then not only that part of the evidence is out of the record but no part of the evidence is in the record. Counsel for appellant claim that a certain indorsement on the back of the last leaf of the supposed bill of exceptions proves that it was filed in the clerk’s office, to-wit: “Filed August 13, 1895. Levi Patterson, clerk.” That is a different name from that signed to the certificate as clerk authenticating the transcript.
It has long been settled that the filing of the bill of exceptions in the clerk’s office must be made to appear from the record independent of the bill itself. Guirl v. Gillett, 124 Ind. 501-503; Fulkerson v. Armstrong, 39 Ind. 472; Schoonover v. Reed, 65 Ind. 313; Hormann v. *514 Hartmetz, 128 Ind. 353-358; Beatty v. Miller, 146 Ind. 231; Pratt v. Allen, 95 Ind. 404; Loy v. Loy, 90 Ind. 404; Guenther v. State, 141 Ind. 593-594; Stewart v. State, 113 Ind. 505; Henderson v. McAllister, 141 Ind. 436; Ueker, Admx., v. Bedford Blue Stone Co., 142 Ind. 678, and cases there cited. Robinson v. Dickey, 143 Ind. 205, 52 Am. St. 417, and cases there cited.
Therefore, even if we are required to consider the supposed file marks of the supposed clerk on the supposed bill of exceptions as a part of the bill without authentication by the clerk’s seal, a thing we need not and do not decide, still that would be looking to the bill of exceptions to prove that it is a part of the record instead of looking to the record ,for such proof. In other words, that is assuming the existence of the very fact which needs proof, and then proving the'fact by the fact thus assumed. That leaves the fact without any proof except assumption. That is not the way records are established in courts of justice. But it is insisted that the clerk’s certificate to the transcript shows that the bill of exceptions was filed in the clerk’s office in the following words: “That said original longhand manuscript was afterwards filed with the clerk of said'court on the 13th day of August, 1895, after the same had been signed and sealed as a bill of exceptions.” If this be held to show that anything had been filed but the longhand manuscript, then it proves too much. If it proves that the bill of exceptions had been filed then it proves that the longhánd manuscript had not been filed until after it had been incorporated in the bill of exceptions. It is thoroughly settled now that unless such longhand manuscript of the evidence is filed in the clerk’s office before its incorporation in the bill of exceptions, such evidence forms no part of the record in this court when the orig *515 inal is sent up as is the case here. Mason v. Brady, 135 Ind. 582; DeHart v. Board, etc., 143 Ind. 363.
This is just as fatal to the appeal as if the bill of exceptions was not filed. Besides it was distinctly held by this court in Beaty v. Miller, supra, that there must be an entry or recital in the transcript at the proper place, showing the filing of the bill of exceptions, or at least a certificate by the clerk to that effect, and that “it is firmly settled by the decisions of this court that the transcript of the proceedings which comes to this court must affirmatively show, independent of the bill, that the latter was filed in the office of the clerk.”
We would have been justified in refusing to pass on these points at all as they are made for the first time on petition for rehearing. There is nothing said in support of the other points for rehearing calling for special notice.
The petition for rehearing is overruled.