State *v.* Kirk.

---

## THE STATE *v.* KIRK.

[No. 19,500.    Filed June 7, 1901.]

CRIMINAL LAW.—*Bill of Exceptions.—Time of Filing.—Appeal and Error.*—When time is given beyond the term within which to file bill of exceptions in a criminal case, it must be granted before or at the time of the rendition of the judgment.

From Clay Circuit Court; *S. M. McGregor,* Judge.

Prosecution of Albert E. Kirk for forgery. From a judgment of acquittal the State appeals. *Affirmed.*

*J. M. Rowley, E. S. Holliday, Rowland Evans* and *W. L. Taylor,* Attorney-General, for State.

*G. A. Knight* and *A. W. Knight,* for appellee.

MONKS, C. J.—Appellee was charged by affidavit and information with the crime of forgery. At the conclusion of

the evidence, the jury, by direction of the court, returned a verdict of not guilty. On October 18, 1899, a judgment of acquittal was rendered on said verdict. On November 1, 1899, several days after the rendition of the judgment on the verdict, the court "granted sixty days' time in which to file bills of exception." Within the sixty days, and in vacation, a bill of exceptions was presented to and signed by the trial judge, and on the same day filed in the clerk's office.

It is settled law in this State under §1916 Burns 1894, §1847 R. S. 1881 and Horner 1897, that in criminal cases if time is given beyond the term within which to file bills of exceptions, it must be granted before or at the rendition of the judgment. Ewbank's Manual, §33, p. 45; *Hotsenpiller* v. *State,* 144 Ind. 9; *Bruce* v. *State,* 141 Ind. 464; *Guenther* v. *State,* 141 Ind. 593, 594, 595; *Barnaby* v. *State,* 106 Ind. 539; *Hunter* v. *State,* 101 Ind. 406. It follows, therefore, that the bill of exceptions filed in vacation is not in the record, and can not be considered.

As appellant relies upon the matters set forth in said bill of exceptions to sustain the assignment of errors, it is clear that there is nothing in the record to support the same. The appeal is not sustained.