Dunn v. State.

---

# Dunn v. The State.

[No. 19,956.   Filed February 18, 1904.]

CRIMINAL LAW.—*Appeal and Error.—Bill of Exceptions.—Time of Filing.*— A verdict of guilty was returned on November 7, 1901, and a motion for a new trial was filed November 9th and overruled December 2d, at which time 120 days' time was given to file a bill of exceptions. On the same day a motion in arrest of judgment was made which was overruled February 3, 1902, and judgment rendered on the verdict, at which time the court gave sixty days within which to file a bill of exceptions. The bill was presented March 6th, and was signed and filed March 26, 1902. *Held,* that the bill was filed in time. *pp. 175-177.*

APPEAL AND ERROR.—*Bill of Exceptions.—Signed and Filed on Same Day.— Presumptions.*—Where the signing and filing of a bill of exceptions appear to have been done on the same day, it will be presumed, in the

absence of anything to the contrary in the record, that the bill was signed before it was filed.  *p. 177.*

CRIMINAL LAW.—*Appeal and Error.—Bill of Exceptions.*—Under the provision of ?638a Burns 1901 it is proper in a criminal case to make the orignal bill of exceptions containing the evidence a part of the record. *p. 177.*

NEW TRIAL.—*Specification of Error.*— An assignment in a motion for a new trial that the court erred in permitting the State to ask its witness on rebuttal, and permitting the witness to answer, stating the name of the witness, and setting out the question in full which was answerable by yes or no, the question being of such a character that an affirmative answer would be implied and the only one which would have prejudiced the defendant, sets forth the matter complained of with sufficient certainty, though the answer of the witness is not stated. *pp. 177–180.*

CRIMINAL LAW.—*Cross-Examination of Defendant.—Impeachment.*—Where in a prosecution for murder the defendant, on cross-examination, denied having made a statement to a girl of fourteen years of age, about six months before the trial, in which he admitted having committed adultery, in another state, more than eight years before, with a woman in no way connected with the crime with which he was charged, the court erred in admitting in rebuttal evidence of such statement. *pp. 180–183.*

From Allen Circuit Court; *Edward O'Rourke,* Judge.

Charles W. Dunn was convicted of murder in the first degree and he appeals.  *Reversed.*

*H. G. Colerick, J. M. Barrett* and *S. L. Morris,* for appellant.

*C. W. Miller,* Attorney-General, *E. V. Emrich, F. A. Emrich* and *S. M. Hench,* for State.

HADLEY, J.—Appellant was found guilty of murder in the first degree, and his punishment assessed at imprisonment in the state prison for life.  The only error assigned and not waived is the overruling of his motion for a new trial.

The questions presented arise upon the bill of exceptions, which counsel for the State insist is not in the record, because not presented to and signed by the judge and filed within the time allowed by statute.

The verdict was returned November 7, 1901.  Appellant's motion for a new trial was filed November 9, 1901,

and overruled December 2, 1901. One hundred twenty days were given in which to file a bill of exceptions. On the same day a motion in arrest of judgment was made which was not decided until February 3, 1902, when it was overruled, and judgment was rendered on the verdict. The court on that day gave the appellant sixty days within which to prepare and file a bill of exceptions. The bill was presented to the judge March 6, 1902, and the same was duly signed, and afterwards filed March 26, 1902. The signing and filing appear to have taken place on the same day. The points are made that the court was not authorized to grant the 120 days from December 2, 1901, for the filing of the bill, nor to allow sixty days from February 3, 1902, for such presentation and filing; that it does not appear that the bill was filed after it was signed by the judge; and that a copy, and not the original bill containing the evidence, should have been certified to this court.

The statute regulating the filing of bills of exceptions in criminal cases is as follows: "All bills of exceptions, in a criminal prosecution, must be made out and presented to the judge at the time of the trial, or within such time thereafter as the judge may allow, not exceeding sixty days from the time judgment is rendered." §1916 Burns 1901. At the time the motion for a new trial was overruled, an exception was properly reserved. The 120 days granted by the court for the filing of the bill of exceptions did not expire until April 1, 1902, nor extend more than sixty days beyond the date of the judgment. The bill was filed fifty-one days after the judgment was rendered, and was within the time allowed. Besides, it appears that at the time the judgment was rendered the court made a further order allowing the appellant sixty days from that date to prepare and file his bill, and the time so allowed did not expire until April 4, 1902. Under either order, the bill was filed in time. *Barnaby* v. *State,* 106 Ind. 539;

Dunn v. State.

*Colee* v. *State,* 75 Ind. 511; *Hunter* v. *State,* 102 Ind. 428; *Bruce* v. *State,* 141 Ind. 464; *Hunter* v. *State,* 101 Ind. 406; *Herron* v. *State,* 17 Ind. App. 161.

Where the signing and the filing of the bill appear to have been done on the same day, it will be presumed, in the absence of anything to the contrary in the record, that the bill was signed before it was filed. *Martin* v. *State,* 148 Ind. 519; *Bradley, etc., Co.* v. *Whicker,* 23 Ind. App. 380.

Under the act of 1897 (Acts 1897, p. 244, §638a Burns 1901) it was proper to make the original bill of exceptions containing the evidence a part of the record. The act expressly extended to criminal cases. *Adams* v. *State,* 156 Ind. 596.

There were many reasons presented by appellants as grounds for a new trial. In the course of his cross-examination the prosecuting attorney asked the defendant if he did not tell Edna Cothrell, as he took her to Churubusco, that he (witness) had taken Alpha Bennett and her sister to the World's Fair at Chicago, and that they had registered at the hotel as man and wife, occupied the same room, and had a good time. Appellant answered the question in the negative. Subsequently, in rebuttal, the court permitted Edna Cothrell, over appellant's objection, to testify concerning the statement denied by appellant. This ruling of the court is challenged, and urged as a reason for a new trial. It is insisted by appellee that the subject-matter complained of is not set forth in the motion for a new trial with sufficient certainty to present any question, because neither the answer, nor the substance of the answer to the question is set out in the motion. The assignment in the motion for a new trial is as follows: "Error of law occurring on said trial in this: that the court erred in permitting the State to ask its witness, Edna Cothrell, on rebuttal, and in permitting said witness to answer the

following question: 'Edna, I will ask you to state to the jury whether or not at that time, in that conversation you had with Dunn going to Churubusco or coming from Churubusco, he stated to you that during the World's Fair that he had taken Alpha Bennett and sister with him to Chicago, and that they had registered at the boarding house or hotel as man and wife, whether they occupied the same room and had a good time?" The record shows that the witness answered the question, "Yes, sir."

A litigant who desires to present to an appellate tribunal for review rulings of the trial court made in the course of the trial, and which he deems erroneous and prejudicial, is required to state such controverted matter in a motion for a new trial in such terms as will clearly indicate to the court the identity of the particular subjects and rulings complained of. The principal object of the rule is to give the trial court a further opportunity to consider and correct any error he has made while the case is still under his control. *State, ex rel.,* v. *Swarts,* 9 Ind. 221, 222.

If the challenged ruling relates to the admission of evidence, it is not necessary that the question and answer be set out in full, but the law and its purpose are satisfied if the name of the witness and the subject and substance of the point are stated in such language as will apprise the trial court with reasonable certainty of the character and scope of the particular ruling. *Humphries* v. *Marshall,* 12 Ind. 609; *Shirk* v. *Cartwright,* 29 Ind. 406; *Evans* v. *State,* 67 Ind. 68.

As was declared in *Ohio, etc., R. Co.* v. *Stein,* 133 Ind. 243, 257, 19 L. R. A. 733: "It is not the practice and it is not incumbent on a party in a motion for a new trial to set out in detail a verbatim copy of the evidence admitted over objection, or offered and refused, or a verbatim statement of the objections made to its introduction. It is sufficient if the evidence be referred to with such certainty as to call the attention of the court to it and to

the ruling in relation thereto, so that the judge could not mistake the matter and the ruling alluded to and complained of by the party filing the motion." This statement was quoted approvingly in *Springer* v. *Byram,* 137 Ind. 15, 24, 23 L. R. A. 244, 45 Am. St. 159. The fullest discussion of the rule in question that is found in the reports of this court is in the case of *McClain* v. *Jessup,* 76 Ind. 120, 122, where Elliott, J., speaking for the court, said: "The motion must 'name the witness and the part of his testimony, which was improperly received or disallowed.' We do not mean to hold that it is necessary to state, in full, the particular evidence received or excluded, but that it is necessary to point out, with reasonable certainty, the particular part of the evidence. This may be done by naming the point or subject upon which the evidence was offered and refused in cases where it is excluded, or by naming the subject or point upon which it was received in cases where error is alleged upon the admission of evidence. This, or other similar modes, will fairly and certainly direct attention to the character of the ruling complained of, and afford both the trial and appellate courts a clear and full view of the questions arising upon the ruling." The following language was used by this court in *Crowder* v. *Reed,* 80 Ind. 1, 6: "Where a motion for a new trial points out with reasonable certainty the particular testimony offered and excluded, it is sufficient. It is not necessary, nor indeed proper, that the motion should recite at length the questions propounded, or rehearse the testimony proffered. The object of the motion is to point out with reasonable certainty the ruling complained of, and thus enable the trial court to review its own rulings, and to present the question to the appellate court in such a manner as that it can be properly understood and decided. While the motion must designate the particular ruling complained of, it is not necessary that there should be any detailed statement of the questions

asked or evidence offered. We think the motion in this case points out with reasonable certainty the particular ruling sought to be reviewed, and that it supplies such information as fully designates the question sought to be presented for consideration." In the still later case of *Isler* v. *Bland,* 117 Ind. 457, 459, it was said: "There can be no deviation from the well-settled rule which requires that a motion for a new trial, in order to present any question, must point out with reasonable certainty the particular evidence objected to and excluded, and so designate it as to enable the court, without searching the whole record, to ascertain what evidence was offered and excluded to which the motion applies."

Without setting out everything in *hæc verba,* it is difficult to see how more certainty could be observed than is revealed by the assignment in the motion for a new trial. The court is informed that the testimony complained of was given in rebuttal, that it was given by Edna Cothrell, that it related to a statement made by the defendant in a conversation between witness and defendant in going to or from Churubusco on a particular occasion, and the question itself is set forth in the precise words submitted to the witness over the defendant's objection. The question was answerable by yes or no. A negative answer could have done no harm. That the answer was in the affirmative would be implied to any intelligent court from the fact that the party against whom it was directed was in court complaining about it. The way the subject was presented to the court left no room for conjecture, or even doubt, as to the particular item of evidence and ruling referred to, and this was abundantly sufficient.

Was the admission of the testimony erroneous? The record shows that it was a part of a conversation the defendant had with witness about six months before the trial, and related to an incident that occurred in another state, more than eight years before, and which merely im-

plied voluntary adultery with a woman who is not claimed to have sustained any connection with or relation to the crime charged against the defendant. Nor is it pointed out how the crime of adultery at that remote period supported or proved the charge of murder in any other way than to strengthen the probability of its commission by showing the immoral or dissolute character of the defendant. The evidence being offered and admitted in rebuttal, perhaps we should assume that it was allowed upon the theory that it was proper for the State to contradict the defendant, who had denied on cross-examination that he had told the witness any such thing. But, in the absence of cautionary advice by the court to the jury, how are we to know in what way the jury received it, whether as substantive evidence in support of the *corpus delicti,* or in contradiction and impeachment of the defendant as a witness. Upon either theory we know of no rule or principle of evidence by which the admission of the testimony can be sustained. It is a rule as old as the law itself, subject to numerous exceptions, all of which fall so far short of the facts of this case that we deem it unprofitable to notice them, that substantive evidence in both civil and criminal cases must be confined to the facts embraced within the issues joined, and that no such evidence is competent that does not form a link in the chain of proof which naturally and reasonably tends to establish some material fact in the case as made between the parties. One reason of the rule is to avoid a distraction of the court and jury by a multiplicity of issues. Another is to secure to the defendant a fair and impartial trial, which can not be accomplished in a criminal case without affording him protection against surprise, and unpreparedness to defend his conduct and character, when unexpectedly assailed. The defendant is only expected to come prepared to answer the particular charge preferred against him in the indictment, and which must be set forth in such terms as will

apprise him of just what he has to meet, and to sustain the credibility of his witnesses, if he desires, in the event they are assailed. And the law will not permit the State to depart from the issue, and introduce evidence of other extraneous offenses or misconduct that have no natural connection with the pending charge, and which are calculated to prejudice the accused in his defense. *Bonsall* v. *State,* 35 Ind. 460; *McIntire* v. *State,* 10 Ind. 26; *People* v. *Sharp,* 107 N. Y. 427, 456, 14 N. E. 319, 1 Am. St. 851; *Costelo* v. *Crowell,* 139 Mass. 588, 2 N. E. 698; *Thompson* v. *Bowie,* 4 Wall. (U. S.) 463, 470, 18 L. Ed. 423; *People, ex rel.,* v. *The Justices,* 10 Hun 158; *Sutton* v. *Johnson,* 62 Ill. 209; *Cotton* v. *State* (Miss.) 17 South. 372; Gillett, Indirect & Collat. Ev., §57.

It is equally well settled that the court may in its discretion permit a witness on cross-examination, including a defendant in a criminal case, to be interrogated as to specific, extraneous offenses and conduct calculated to degrade him, and thus impair his credibility as a witness. But in every such case the party propounding the interrogatory is bound by the answer the witness gives, and will not be permitted to introduce substantive evidence to contradict it. *Hinkle* v. *State,* 157 Ind. 237; *Stalcup* v. *State,* 146 Ind. 270, 275; *Ford* v. *State,* 112 Ind. 373, 384; Gillett, Indirect & Collat. Ev., §91. In another sense the testimony was, in effect, an impeachment of the defendant's moral character by a specific act of immorality which is not allowed. *Griffith* v. *State,* 140 Ind. 163, 166, and cases cited. In any view we may take of the evidence, its admission was erroneous. There was other evidence tending to prove that the defendant was of a lecherous and dissolute disposition, and this particular statement claimed to have been addressed to a girl but fourteen years of age, late in the evening, while being conveyed by him in his buggy, is of a character greatly to prejudice the defendant before the jury. Grave as the crime of

State, *ex rel.*, *v.* Board, etc.

which the defendant stands convicted may be, he was at least entitled to a legal trial. This we are convinced he has not had, and not knowing how far, if at all, the erroneous evidence contributed to his conviction, a new trial must be awarded.

Judgment reversed.

Monks and Dowling, JJ., dissent.